TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000962-KB

FINAL

DATE 3/3/09 *Kelly Klabu* D.C.

KENTUCKY BAR ASSOCIATION,
CLE COMMISSION

MOVANT

V.                                    IN SUPREME COURT

ADAM BOYD BLEILE                                    RESPONDENT

## OPINION AND ORDER

On December 8, 2008, this Court entered a show cause order directing Respondent, Adam Boyd Bleile, to explain why he should not be suspended or otherwise sanctioned for failure to certify completion of Continuing Legal Education (CLE) requirements. Respondent filed a timely response to the show cause order, admitting that he had not fulfilled his CLE requirements for the 2007-2008 educational year, as required by SCR 3.661(1). Respondent asks for leniency and asserts that he failed to fulfill his CLE requirement because he took online classes not approved and exceeded the number of allowable hours for online classes by .25 hours. In his request for leniency, Respondent notes that he has at least one pro bono case pending at all times.

The KBA's CLE Commission has filed a reply to Respondent's response, stating in effect, that:

- Respondent's name was one certified to this Court as being in non-compliance with the minimum annual continuing legal education requirements (MCLE) of SCR 3.661 for the 2007-2008 educational year.

- Respondent was sent five written notices concerning his MCLE requirement deficiency, dated May 1, 2008; July 21, 2008; August 26, 2008; September 19, 2008; and October 1, 2008.

- Respondent is deficient 1.75 CLE credits for the 2007-2008 educational year.

- Respondent states in his response that he participated in an online program on July 1, 2007, sponsored by the American Law Institute-American Bar Association (ALI-ABA), entitled "Creative Ways to Prove Your Case & Disprove Theirs: A Quick Course for Personal Injury Lawyers." When he discovered that his CLE record did not reflect credits received for this course, he contacted ALI-ABA by email to determine the Kentucky Activity Number for the program. An ALI-ABA representative informed Respondent that the course "has expired with Kentucky and should have been taken down from our website."

- On September 26, 2008, Respondent informed former Assistant Director for CLE Jane Herrick of this situation by email. Ms. Herrick informed Respondent that he could seek to have the program accredited for 2.0 credits, but that doing so would not bring him into compliance.

- While members of the Kentucky Bar may receive credit for completing or participating in an accredited technologically transmitted activity, there

is a maximum of six credits that may be applied to meet MCLE during an educational year. SCR 3.663(7). Respondent already had 4.5 technological CLE credits. Therefore, even if the ALI-ABA program was accredited for 2.0 CLE credits, Respondent would only be eligible to receive 1.5 credits and would remain .25 credits deficient.

The Commission requests this Court find Respondent has failed to show cause why he should not be suspended or otherwise sanctioned for failure to acquire sufficient CLE credits for the 2007-2008 educational year. The Commission recommends a $175.00 fine in lieu of suspension if Respondent cures his deficiency within thirty (30) days, and prohibiting Respondent from obtaining a "non-hardship" time extension under SCR 3.667(2) for the educational year ending June 30, 2009 and for the year ending June 30, 2010.

After considering the Respondent's response to this Court's Show Cause Order, and the Movant's reply thereto, this Court finds that Respondent has not given a legally satisfactory reason why he should not be sanctioned under SCR 3.669(4). However, due to the extenuating circumstances surrounding Respondent's noncompliance with his MCLE requirements, this Court will impose a fine in lieu of suspension.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Adam Boyd Bleile must pay a fine of $175.00 to the Kentucky Bar Association for failure to comply timely with the minimum CLE requirements for the 2007-2008 educational year.

3

(2) Respondent shall earn sufficient credits to cure the deficiency within thirty (30) days of this Order, and that such credits be applied back to cure the deficiency for the educational year in question. Should Respondent fail to earn sufficient CLE credits to cure his MCLE deficiency within the time prescribed by this Court, this Court will suspend Respondent's license to practice law.

(3) Under SCR 3.667(2), Respondent must not apply for non-hardship time extensions for the 2008-2009 educational year (ending June 30, 2009) and the 2009-2010 educational year (ending June 30, 2010).

All sitting. All concur.

ENTERED: February 19, 2009.

_____
CHIEF JUSTICE

4